

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 13089327
Date Processed: 10/23/2014

| | |
|---|---|
| Primary Contact: | Barbara Ruyle<br>Nationstar Mortgage LLC<br>350 Highland Drive<br>Lewisville, TX 75067 |

| | |
|---|---|
| Entity: | Nationstar Mortgage LLC<br>Entity ID Number 2050233 |
| Entity Served: | Nationstar Mortgage LLC |
| Title of Action: | Joao Neto vs. Nationstar Mortgage, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Middlesex County Superior Court, Massachusetts |
| Case/Reference No: | MICV2014-07810-A |
| Jurisdiction Served: | Massachusetts |
| Date Served on CSC: | 10/23/2014 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Adam T. Sherwin<br>617-336-3236 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.........MIDDLESEX.........., ss

No. ..........

JOAO NETO

...................................., Plaintiff(s)

v.

NATIONSTAR MORTGAGE LLC;
U.S BANK NATIONAL ASSOCIATION; ELIAS DE
PAULA; RENATA CARNERO;
CLEBER CARNERO; LINDALVA ALVES
, Defendant(s)

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## SUMMONS

### NATIONSTAR MORTGAGE LLC

To the above-named Defendant:

You are hereby summoned and required to serve upon ADAM T. SHERWIN ESQ.

................................ plaintiff's attorney, whose address is 5 MIDDLESEX AVO

SUITE 400 SOMERVILLE MA 02145 , an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at MIDDLESEX

SUPERIOR COURT ................................ either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ................................

the ................ 14th ................ day of ........ OCTOBER ................

...................., in the year of our Lord ...... 2014 ...... .

A true copy Attest:

Deputy Sheriff Suffolk County                                   ................................ Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ..................................................................

20.........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..................................................................................................................

..................................................................................................................

..................................................................................................................

........................................................................................

Dated: ................................................................................................, 20..........

## N.B.  TO PROCESS SERVER:

**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

( .................................................., 20.......... )

( _____ )

**COMMONWEALTH OF MASSACHUSETTS**

**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION**

No. ....................

MIDDLESEX ...., ss.

Plff. ....................

v.

Deft. ....................

**SUMMONS**
(Mass. R. Civ. P. 4)

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET # MICV2014-07810-A

**Courtroom Civil A - Ct Rm 710- 200 TradeCenter, Woburn**

RE:   Neto v Nationstar Mortgage LLC et al

TO:   Adam Sherwin, Esquire
The Sherwin Law Firm
5 Middlesex Ave, 4th Fl., Ste,400
Somerville, MA 02145

### SCHEDULING ORDER FOR A  TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue by **09/21/2017**

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 01/05/2015 | 01/05/2015 | |
| Response to the complaint filed (also see MRCP 12) | | 02/04/2015 | |
| All motions under MRCP 12, 19, and 20 | 02/04/2015 | 03/06/2015 | 04/05/2015 |
| All motions under MRCP 15 | 12/01/2015 | 12/31/2015 | 12/31/2015 |
| All discovery requests and depositions served and non-expert depositions completed | 09/26/2016 | | |
| All motions under MRCP 56 | 10/26/2016 | 11/25/2016 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/25/2017 |
| Case shall be resolved and judgment shall issue by **09/21/2017** | | | 09/21/2017 |

- The final pre-trial deadline is not the scheduled date of the conference.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 10/08/2014

Michael A. Sullivan
Clerk of the Court

Telephone: 781-939-2745

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF MIDDLESEX | DOCKET NO. _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Joao Neto | NATIONSTAR MORTGAGE LLC et al (see additional page) |

| Plaintiff Atty | Adam T. Sherwin, Esq. | Type Defendant's Attorney Name |
|---|---|---|
| Address | 5 Middlesex Avenue Suite 400 | Defendant Atty Unknown |
| | | Address |
| City | Somerville | State MA | Zip Code 02145 | City | | State | | Zip Code |
| Tel. | +1 (617) 336-3236 | BBO# 680,751 |

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 Declaratory Judgment G L C 231A - Average Track | | | ⦿ 1 Yes  ○ 1 No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses                           $____
   2. Total doctor expenses                             $____
   3. Total chiropractic expenses                    $____
   4. Total physical therapy expenses              $____
   5. Total other expenses (describe)       Subtotal  $____
B. Documented lost wages and compensation to date          $____
C. Documented property damages to date               $____
D. Reasonably anticipated future medical expenses     $____
E. Reasonably anticipated lost wages and compensation to date   $____
F. Other documented items of damages (describe)         $____

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                       Total $____

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

| Plaintiff includes a count for violation of the Covenant of Good Faith and Faith Dealing, for Defendants' attempt to foreclose his home without a proper mortgage assignment |
|---|

*TO Be Determined At Trial*

TOTAL  $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ *Adam Sh* _____    Date:   October 5, 2014

A.O.S.C. 3-2007

**DEFENDANTS**

1. NATIONSTAR MORTGAGE LLC
2. U.S BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF HABORVIEW MORTGAGE LOAN TRUST 2005-08, MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2005-09
3. ELIAS DE PAULA
4. RENATA CARNERO
5. CLEBER CARNERO
6. LINDALVA ALVES

**COMMONWEALTH OF MASSACHUSETTS**
**THE TRIAL COURT**
**SUPERIOR COURT DEPARTMENT**
**MIDDLESEX DIVISION**

| | |
|---|---|
| **JOAO NETO**<br><br>        **Plaintiff**<br><br>**v.**<br><br>**NATIONSTAR MORTGAGE LLC**<br><br>**U.S BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF HABORVIEW MORTGAGE LOAN TRUST 2005-08, MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2005-08**<br><br>**ELIAS DE PAULA**<br><br>**RENATA CARNERO**<br><br>**CLEBER CARNERO**<br><br>**LINDALVA ALVES**<br><br>        **Defendants** | **Civil Action No.**<br><br> |

## COMPLAINT

NOW COMES Plaintiff Joao Neto and by and through his undersigned counsel bring this complaint against Nationstar Mortgage LLC and U.S Bank National Association, as Trustee for the Certificateholders of Harborview Mortgage Loan Trust 2005-08, Mortgage Loan Pass-Through Certificates, Series 2005-08 for violation of G.L. c. 244, §35A, G.L. c. 244, §35B, promissory estoppel, and the Massachusetts Consumer Protection Law.

## PRELIMINARY STATEMENT

Plaintiff brings this lawsuit as a result of Defendant Nationstar Mortgage and U.S Bank's continued refusal to consider and offer him a loan modification that will save his home from foreclosure. Plaintiff has repeatedly submitted loan modification applications to Defendants through the Home Affordable Modification Program ("HAMP"), which Defendants have denied, despite Plaintiff offering documentation proving that he is eligible for this loss mitigation assistance. Most recently, Plaintiff submitted a loan modification pursuant to Massachusetts's Right to Request a Modified Loan Law (G.L. c. 244, § 35B), which Defendant Nationstar Mortgage refused to consider. Plaintiff seeks a declaratory judgment that Defendants have not complied with the required foreclosures statutes, a declaratory judgment that Defendant U.S. Bank lacks standing to foreclose Plaintiff's home, and damages.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over all claims pursuant to G.L. c. 212, § 4.

2. This Court has jurisdiction over Defendants pursuant to G.L. c. 223A, § 2 and G.L. c. 223A, § 3.

3. Venue is appropriate in this Court as the loan transaction and other events and transactions in question occurred in Middlesex County, where the property at issue is also located and where Plaintiff lives.

## PARTIES

4. Plaintiff Joao Neto is a resident of the Commonwealth of Massachusetts and resides at 1-3 Elmwood Street Everett MA 02149 ("Property").

5. Upon information and belief, Defendant Nationstar Mortgage LLC has its usual place of business at 8950 Cypress Waters Blvd, Dallas TX 75063. Defendant's registered agent in the Commonwealth of Massachusetts is Corporation Service Company, 84 State Street, Boston MA 02109.

6. Upon information and belief, Defendant U.S Bank National Association, as Trustee for the Certificateholders of Harborview Mortgage Loan Trust 2005-08, Mortgage Loan Pass-Through Certificates, Series 2005-08 has a principle place of business at 60 Livingston Avenue, St. Paul, MN 55107.

7. Elias De Paula, Renata Carnero, Cleber Carnero, and Lindalva Alves are Plaintiff's tenants at 1-3 Elmwood Street Everett MA 02149 and necessary parties to this lawsuit pursuant to G.L. c. 231A, § 8. Upon information and belief, all are Massachusetts residents.

## STATEMENT OF FACTS

Mortgage Loan History

8. In 2003, Plaintiff purchased his home at 1-3 Elmwood Street, Everett MA.

9. From the time he purchased the property until the present, Plaintiff has continuously resided in the premises.

10. This property is his principle residence and consists of a dwelling house with accommodations for four or less separate households, and is not an investment property or residential property taken in whole or in part as collateral for a commercial loan.

11. To purchase his home, Plaintiff signed a promissory note and granted a mortgage to Mortgage Electronic Registration Systems Inc. ("MERS"), as nominee for Fieldstone Mortgage Company.

12. He refinanced his mortgage loan in 2005 and signed a promissory note and granted a mortgage to Allied Home Mortgage Capital Corporation. (Middlesex South Registry of Deeds: Book 1277, Page 19).

13. On May 19, 2008, MERS purported to have assigned Plaintiff's mortgage and note to U.S. Bank National Association, as Trustee, for the Benefit of Harborview 2005-08 Trust Fund C/O Countrywide Home Loans, Inc., 7105 Corporate Drive, Plano, TX, 75024. (Middlesex South Registry of Deeds: Book 01277, Page 19).

14. On November 8, 2013, Land Court entered an order reforming the assignment of Plaintiff's mortgage by substituting the name of the grantor as "U.S Bank National Association, as Trustee for the Certificateholders of Haborview Mortgage Loan Trust 2005-08, Mortgage Loan Pass-Through Certificates, Series 2005-09." (Middlesex South Registry of Deeds: Book 01277, Page 19).

15. Defendant Nationstar Mortgage purported to become the servicer of Plaintiff's mortgage loan in September 2013.

16. On or around 2008, as a result of losing his job, Plaintiff began having difficulty making his mortgage loan payments and defaulted on the loan.

17. Presently, Plaintiff has full-time employment.

18. With this job, along with his rental income, Plaintiff can afford a modified mortgage loan payment.

19. Beginning around 2008, Plaintiff began submitting applications to Defendant Nationstar Mortgage for a loan modification.

<u>Plaintiff's HAMP Loan Modification Applications</u>

20. Plaintiff applied for loan modifications pursuant to the Home Affordable Modification Program ("HAMP").

21. HAMP is a federal program designed to assist qualifying homeowners struggling to keep their homes.

22. As a result of the foreclosure crisis, Congress delegated to the Secretary of Treasury broad powers to preserve home ownership.

23. The Secretary of Treasury introduced HAMP to help homeowners who have defaulted on their mortgage loans or who are likely to default.

24. HAMP aims to get mortgage loan payments for qualifying homeowners to an affordable, sustainable payment.

25. Defendant Nationstar Mortgage is one such lender that elected to participate in HAMP.

26. Upon information and belief, Defendant Nationstar Mortgage participated in HAMP through a servicer participation agreement, which required it to comply with HAMP guidelines.

27. HAMP required Defendant Nationstar Mortgage to consider Plaintiff for a loan modification.

28. HAMP has detailed requirements on whether a mortgagor is entitled to a loan modification.

29. In addition, HAMP requires participating lenders and servicers to have internal procedures and guidelines on many of HAMP's requirements.

30. HAMP participants must perform a net present value ("NPV") test for all eligible mortgages to compare the modification terms under the program to the estimated loss if the property were foreclosed.

31. If a mortgagor passes the NPV test and satisfies the other HAMP requirements, the lender or servicer is required to modify the loan.

32. Plaintiff satisfied the criteria for a HAMP loan modification:

   A. Plaintiff obtained his mortgage on or before January 1, 2009
   B. Plaintiff owed up to $1,129,250 on a three-unit primary residence
   C. Plaintiff's property had not been condemned
   D. Plaintiff had a financial hardship
   E. Plaintiff had sufficient, documented income to support a modified payment
   F. Plaintiff had not been convicted within the last ten years of felony larceny, theft, fraud or forgery, money laundering or tax evasion, in connection with a mortgage or real estate transaction

33. To create an affordable, monthly mortgage payment, HAMP requires lenders to apply a "Standard Modification Waterfall," which is a stated order of successive steps that must be applied until the borrower's target monthly mortgage payment ratio is reduced to 31%.

34. These steps consist of:

   a. Capitalization
   b. Interest Rate Reduction
   c. Term Extension

    d.  Principal Forbearance

35. If a borrower does not qualify for a loan modification under this first type of review—"HAMP Tier 1" —a servicer must consider a borrower for HAMP Tier 2.

36. A borrower is eligible for a HAMP Tier 2 modification if he or she meets the basic eligibility of HAMP Tier 1 and had not previously received a HAMP Tier 2 modification.

37. HAMP Tier 2 requires a borrower to satisfy two affordability requirements:

    a.  The modified principle and interest payment must be reduced by at least 10% compared to the pre-modification monthly principle and interest payment;

    b.  The post-modification debt-to-income ratio must be within the servicer's Expanded Acceptable Debt-to-Income Range

38. Plaintiff has submitted numerous HAMP loan modification to Defendant Nationstar Mortgage, the most recent being in late 2013.

39. Plaintiff's loan modification applications included all of the documents that HAMP required, including a proposed loan modification analysis and NPV test.

40. Plaintiff's applications showed that he had sufficient income for a loan modification, which was supported by bank statements, lease agreements, and a monthly financial statement.

41. Plaintiff's application showed that he was eligible for a loan modification.

42. Defendant Nationstar Mortgage denied Plaintiff's latest HAMP loan modification on January 22, 2014.

43. Defendant Nationstar Mortgage denied his loan modification application in two different letters, stating two different reasons for denial.

44. In the first letter, Defendant Nationstar Mortgage stated that it was denying Plaintiff's application because:

> We are unable to create an affordable payment equal to 31% of your reported monthly gross income without changing the terms of your loan beyond the requirements of the program.

45. In the second letter, Defendant Nationstar Mortgage stated that it was denying his application because:

> We are unable to offer you a HAMP Affordable Modification because in performing our underwriting of a potential modification your proposed modified payment, which we could offer you, which includes a modified monthly principle and interest payment on your first lien mortgage plus property taxes, hazard insurance premiums, and homeowners dues (if any) was either less than 10% OR greater than 55% of your monthly gross income. Your modified monthly housing expense must be between 10% and 55% of your gross monthly income.

46. Defendant Nationstar Mortgage provided no further explanation of why it believed Plaintiff did not satisfy this criteria.

Notice of Default/Right-to-Cure Notice

47. On January 24, 2014, Defendant Nationstar Mortgage sent Plaintiff a notice informing him of his right to cure the mortgage loan default.

48. This notice informed Plaintiff that "[t]he name and address of the current mortgage holder is: Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067."

Plaintiff's 2014 G.L. c. 244, § 35B Loan Modification Application

49. In a January 2014 letter, Defendant Nationstar Mortgage sent Plaintiff a letter informing him of his mortgage modification options.

50. This letter was sent to comply with G.L. c. 244, § 35B, which requires lenders to consider borrowers for a modified mortgage loan prior to beginning foreclosure.

51. G.L. c. 244, § 35B is known as "state HAMP." It requires borrowers to be considered for a loan modification pursuant to HAMP or through another recognized loan modification program listed in the statute.

52. This law requires a borrower of a "certain mortgage loan" to be reviewed for a loan modification.

53. Plaintiff had a "certain mortgage loan" because, *inter alia*, he had an introductory interest rate for a period of three years or less and such introductory rate was at least two per cent lower than the fully indexed rate.

54. A borrower is eligible for consideration of a loan modification if their mortgagee sent them a right-to-cure notice after November 1, 2012.

55. Plaintiff received a right-to-cure notice from Defendant Nationstar Mortgage in 2014, which required Defendant to consider him for a loan modification.

56. Pursuant to G.L. c. 244, § 35B, Defendant Nationstar Mortgage was required to send Plaintiff a notice informing him of his right to pursue a modified mortgage loan.

57. Following submission of a request for a modified mortgage loan and the required application paperwork, a lender must provide an assessment and decision on the loan modification application.

58. In January 2014, Defendant Nationstar Mortgage sent Plaintiff a letter informing him of his mortgage modification options, including the right to request a modified mortgage loan.

59. The notice required Plaintiff to return this letter to Defendant Nationstar Mortgage by February 23, 2014, along with the requested paperwork.

60. Plaintiff timely submitted a request for a modified mortgage loan, along with all of the required paperwork.

61. Defendant Nationstar Mortgage received Plaintiff's loan modification application on February 22, 2014.

62. Defendant Nationstar Mortgage failed to respond to this request with the required assessment of his loan modification application.

63. In subsequent follow-up calls to Defendant, Defendant acknowledged receipt of Plaintiff's application, but refused to review it for a loan modification.

Demand Letter

64. On April 29, 2014, Plaintiff sent Defendant Nationstar Mortgage a Chapter 93A demand letter, detailing Defendant's failure to consider his loan modification application.

65. Defendant Nationstar Mortgage received this letter on May 3, 2014.

66. On May 14, 2014, Defendant Nationstar Mortgage acknowledged receipt of Plaintiff's demand letter in a letter to Plaintiff.

67. In this letter, Defendant Nationstar Mortgage stated "[w]e take all matters seriously and are in the process of reviewing your concerns."

68. Defendant Nationstar Mortgage also stated in this letter that "[a] response will be provided no later than June 7, 2014."

69. Defendant Nationstar Mortgage has failed to provide any response to Plaintiff's Chapter 93A demand letter.

Imminent Foreclosure

70. On September 10, 2014, Plaintiff received a letter from Marinosci Law Group PC informing him that Defendant Nationstar has referred Plaintiff's case to them for foreclosure.

## CAUSES OF ACTION

### I.   DECLARATORY JUDGMENT – G.L. c. 244, § 35A

71. Plaintiff restates and reaffirms all prior allegations.

72. "[W]here a homeowner who is facing foreclosure claims that the mortgage holder has failed to provide timely and adequate written notice of the right to cure the default in payment of the mortgage, in violation of § 35A, the homeowner may file an equitable action in Superior Court seeking to enjoin the foreclosure . . . the foreclosure may not proceed if the mortgagor proves that the mortgage holder has

failed to give the required notice or failed to wait the required time period." *U.S. Bank Nat'l Ass'n v. Schumacher*, 467 Mass. 421, 432 (2014) (Gants, J., concurring).

73. G.L. c. 244, § 35A requires that the right-to-cure notice properly identify the mortgagee.

74. The right-to-cure notice that Defendant Nationstar sent to Plaintiff states that "Nationstar Mortgage LLC" is the current mortgage holder.

75. "Nationstar Mortgage LLC" never had a recorded assignment of Plaintiff's mortgage.

76. As such, Defendants did not send Plaintiff an adequate notice required under G.L. c. 244, § 35A.

77. Plaintiff is entitled to a declaratory judgment that Defendants have failed to comply with G.L. c. 244, § 35A.

## II.   FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

78. Plaintiff restates and reaffirms all prior allegations.

79. Plaintiff is a "consumer" as defined in Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3)

80. Defendant Nationstar Mortgage is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

81. Defendant Nationstar Mortgage was engaging in debt collection activity through its January 29, 2014 default letter to Plaintiff because it was attempting to collect the purported mortgage loan default that Plaintiff owed to Defendant U.S. Bank.

82. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C § 1692e.

83. Defendant Nationstar Mortgage used false, deceptive, and misleading representation in its January 29, 2014 letter to Plaintiff because it alleged that it was the current holder of his mortgage.

84. Plaintiff is entitled to damages from Defendant Nationstar Mortgage's violation of the FDCP.

### III.   DECLARATORY JUDGMENT – G.L. c. 244, § 35B

85. G.L. c. 244, § 35B requires Defendants to consider Plaintiff for a loan modification prior to beginning a non-judicial foreclosure.

86. Specifically, this law requires Defendants to perform a <u>compliant</u> analysis of a loan modification pursuant to HAMP or another allowed loan modification analysis under G.L. c. 244, § 35B.

87. Plaintiff has two, alternative causes-of-action for why Defendants failed to comply with this law.

### <u>Plaintiff's 2014 G.L. c. 244, § 35B Loan Modification Application</u>

88. Plaintiff submitted a request for a modified loan mortgage payment in response to Defendant Nationstar's January 2014 letter, informing him of his right to pursue this option.

89. Plaintiff timely responded to Defendant's letter, and included all of the required paperwork.

90. Plaintiff's loan application showed that he was eligible a HAMP loan modification.

91. Pursuant to G.L. c. 244, § 35B, Defendants were required to offer him a loan modification.

92. Defendants also failed to comply with G.L. c. 244, § 35B by not responding to Plaintiff's application with a required assessment of his application.

93. Plaintiff is entitled to a declaratory judgment that Defendants have not complied with G.L. c. 244, § 35B.


## Prior HAMP Loan Modification Applications

94. To any extent that Defendant Nationstar's review of Plaintiff's prior HAMP loan modifications application could be considered an attempt at a good faith effort to avoid foreclosure, Defendants have still failed to comply with G.L. c. 244, § 35B.

95. G.L. c. 244, § 35B required Defendants to perform a compliant analysis of a loan modification pursuant to HAMP or another allowed loan modification analysis under G.L. c. 244, § 35B.

96. Through the required HAMP waterfall requirements, Defendant Nationstar was able to create an affordable mortgage payment for Plaintiff.

97. Defendant Nationstar failed to perform a compliant HAMP analysis because Plaintiff was qualified for a HAMP loan modification, as he was eligible for an affordable monthly mortgage payment equal to 31% of his monthly gross income.

## IV.   PROMISSORY ESTOPPEL

98. Plaintiff restates and reaffirms all prior allegations.

99. Plaintiff submitted a loan modification application to Defendant Nationstar Mortgage in response to its <u>own</u> letter informing Plaintiff of his right to pursue a modified mortgage loan.

100. By sending Plaintiff this letter requesting him to apply for a loan modification, Defendants should reasonably have expected Plaintiff to prepare and submit an application.

101. Plaintiff timely submitted his application and all required documentation.

102. Plaintiff has relied on Defendant to accurately and properly consider him for a loan modification.

103. Defendant failed to review Plaintiff's application.

104. Plaintiff has suffered damages from Defendants' failure to consider his application, and is facing foreclosure of his home.

105. Injustice can only be avoided by requiring Defendants to properly consider his loan modification application, or awarding him damages for Defendants failure to act on his application.

## V.   CHAPTER 93A – EQUITABLE RELIEF

106. Plaintiff restates and reaffirms all prior allegations.

107. Defendant has committed unfair and deceptive practices by sending him a request to apply for a loan modification when it never intended to consider his application.

108. Defendant has committed unfair and deceptive practices by failing to consider Plaintiff's recent loan modification application and repeatedly denying him a loan modification that he was eligible for.

109. Plaintiff suffered damages from Defendants' unfair and deceptive practices, including, but not limited to, increased debt on his mortgage loan, loss of equity in his home, damage to his credit score, emotional distress, and attorney fees.

110. Defendants are intending to foreclose Plaintiff's home in the imminent future.

111. As such, Plaintiff is entitled to a permanent injunction preventing Defendants from foreclosing Plaintiff's home until Defendant has been properly considered for a loan modification.

## VI.   CHAPTER 93A - DAMAGES

112. Plaintiff restates and reaffirms all prior allegations.

113. Defendant has committed unfair and deceptive practices by sending him a request to apply for a loan modification when it never intended to consider his application.

114. Defendant has committed unfair and deceptive practices by failing to consider Plaintiff's recent loan modification application and repeatedly denying him a loan modification that he was eligible for.

115. Plaintiff suffered damages from Defendants' unfair and deceptive practices, including, but not limited to, increased debt on his mortgage loan, loss of equity in his home, damage to his credit score, emotional distress, and attorney fees.

VII.   DECLARATORY JUDGMENT – LACK OF STANDING TO FORECLOSE

116. Plaintiff restates and reaffirms all prior allegations.

117. A valid non-judicial foreclosure requires the mortgagee at the time of foreclosure to have record assignment of the mortgage. *U.S. Bank v. Ibanez*, 458 Mass. 637 (2011).

118. A mortgagor may challenge a mortgage assignment on the grounds that it is invalid, ineffective, or void. *Culhane v. Aurora Loan Services*, 708 F.3d 282, 291 (2013); *Sullivan v. Kondaur Cap. Corp.*, Massachusetts Court of Appeals, Slip Opinion No. 13-P-706 (Apr. 16, 2014).

119. The assignment of Plaintiff's mortgage from MERS to Defendant U.S. Bank was executed by Frances J. Nolan, who purported to be an Assistant Secretary and Vice President of MERS, Inc.

120. Frances J. Nolan is a known "robo signer" or "surrogate signer" who, upon information and belief, lacked authority to make this mortgage assignment.

121. As a "robo signer" or "surrogate signer", Frances J. Nolan either lacked authority to sign this document or did not verify the facts contained in this document.

122. This is supported by a forensic examination of the Essex Southern District Registry, which lists Frances J. Nolan as a known "robo signer" or "surrogate signer." (http://www.salemdeeds.com/pdf/Audit.pdf).

123. For these reasons, the mortgage assignment to Defendant U.S. Bank was invalid, ineffective, or void.

124. Plaintiff is entitled to a declaratory judgment that Defendant U.S. Bank lacks standing to foreclose his home.

## VIII.   BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

125. Plaintiff restates and reaffirms all prior allegations.

126. "Every contract implies good faith and fair dealing between the parties to it." *Clark v. State St. Trust Co.*, 270 Mass. 140, 153 (1930).

127. By using a robo signor to assign Plaintiff's mortgage, and attempting to foreclosure his home based on this assignment, Defendants have breached this duty.

128. As a result of these actions, Plaintiff has suffered damages.


PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

## CONCLUSION

**WHEREFORE,** Plaintiff demands judgment on each count in this Complaint and requests the following relief:

    A. A declaratory judgment that Defendants have failed to comply with G.L. c. 244, § 35A and G.L. c. 244, § 35B;

    B. A declaratory judgment that Defendant U.S. Bank lacks standing to foreclose Plaintiff's home;

    C. A permanent injunction enjoining Defendant from foreclosing Plaintiff's home;

    D. Damages for Defendants' unfair and deceptive practices and violation of the FDCPA, including attorney fees;

    E. Other just relief as this court deems fitting and proper.

Respectfully Submitted,

Adam T. Sherwin, Esq. (BBO# 680751)
The Sherwin Law Firm
5 Middlesex Avenue, 4th Floor Suite 400
Somerville, MA 02145
(617) 336-3236 (p)
(617) 284-6089 (f)
adam@sherwinlawfirm.com

Dated:  October 6, 2014